# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN WILLIAM STANFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-152-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Steven William Stanford (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 21, 1983 and was 29 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past as a machinery maintenance servicer for a canning company. Claimant alleges an inability to work beginning August 19, 2009 due to limitations resulting from fibromyalgia, depression, anxiety, OCD,

3

arthritis, and migraine headaches.

**Procedural History**

On June 19, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 8, 2012, a video administrative hearing was held before Administrative Law Judge ("ALJ") Richard J. Kallsnick. On March 30, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on February 6, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to give further consideration to Claimant's mental impairments in his RFC assessment; and (2) failing to discuss and explain the weight given to the medical opinion evidence related to Claimant's mental

health treatment under Soc. Sec. R. 06-3p.

### Consideration of Mental Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia, depression, anxiety, arthritis, migraines, obsessive-compulsive disorder, fatigue, and tingling in his hands and feet. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform light work except that symptoms of mild to moderate chronic pain are noticeable yet Claimant can be attentive and carry out work assignments and be alert for functions in the work setting. (Tr. 16). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of fruit cutter, inspector/hand packager, routing clerk, hand winder, table worker, and escort driver, all of which he found existed in sufficient numbers in the regional and national economies. (Tr. 24).

Claimant first contends the ALJ's findings required that a mental limitation be included in the RFC assessment. In failing to include a mental component to the RFC, Claimant asserts the ALJ also failed to include the required limitation in his hypothetical questioning of the vocational expert at step five.

The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a,

416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. <u>Andrade v. Sec. of Health & Human Services</u>, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04, and 12.06. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments.

The ALJ found Claimant suffered from a mild restriction in activities of daily living and social functioning. He also found Claimant had moderate difficulties in concentration, persistence or pace. The ALJ concluded Claimant suffered from depression secondary to fibromyalgia as well as fatigue and weakness arising

6

from the same condition. He also found Claimant had experienced no episodes of decompensation of extended duration. (Tr. 15). This finding was supported by a nurse practitioner, Donna Davis, ARNP, who completed an RFC questionnaire on Claimant's condition on February 24, 2012. She concluded Claimant was markedly limited in the areas of the ability to maintain attention and concentration for extended periods and the ability to complete a normal work day and work week without interruption from pain or medication based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 396-97).

Additionally, the consultative examiner, Dr. Salom Palacio, a psychologist, found Claimant suffered from a substantial mood disorder, anxiety from fibromyalgia, and severe fatigue which impaired his ability to work and engage in activities of daily living. (Tr. 285). The ALJ should have provided a detailed narrative discussion of the evidence which supports a finding that a particular mental impairment does not limit Claimant's ability to perform work related mental activities and, therefore, should not be included in the RFC assessment. Wells v. Colvin, 727 F.3d 1061, 1065 (10th Cir. 2013). On remand, the ALJ shall provide sufficient justification by citation to the medical record for not including mental limitations in the RFC assessment. Similarly, if no

7

justification exists, the ALJ shall re-evaluate his RFC determination and concurrently include any mental limitations in his hypothetical questioning of the vocational expert at step five.

**Consideration of the Mental Treatment Records**

Claimant also contends the ALJ stated in his decision that he had not received any mental health treatment but, in fact, he received treatment at the Green Country Behavioral Health Services. (Tr. 20-21, 402-03). On remand, the ALJ shall clarify this inconsistency in his decision and consider all treatment received for Claimant's mental impairments.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision

by the District Court based on such findings.

DATED this 25th day of June, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE